Green, J.
delivered the opinion of the court.
There are two counts in the declaration in this case; one in trover, and the other in case. The facts are these: the negro boy Henry, the subject of this suit, eloped from the plaintiff, his owner, in Shelby county, and gave himself up to a Justice *473 of the Peace in Tipton county, and was by said Justice committed to jail as a runaway slave. Cain the jailor received him into his custody, where he continued several months. While in Cain’s custody, the negro was set at large by him, and employed in his service, ploughing his ground, chopping his wood and conveying water, and in consequence of the negligence, with which he was kept, made his escape, and has not been recovered by the plaintiff. Horn was the Sheriff of Tipton county at the time and Cain was his jailor.
The jury found a general verdict for the plaintiff for $400, and the defendants appealed to this court.
The counsel for the plaintiffs in error, make the following points:
1st. That the employment of the negro by Cain, in laboring for him, was not a conversion.
2d. That the count in case cannot be supported, unless it appear that the escape of the negro was the immediate consequence of the negligence of the jailor, which is not shown, &c.
3d. That the defendants were improperly joined in this action. 1. In the case of Horsley vs. Branch, 1 Hump. R. 199, and the case of Angus vs. Dickerson, Meigs’ Rep. 640, this court decided, that if one hire the personal property of another, for a special purpose, and misapply such property by employing it in a manner not authorized by the contract, it is a conversion. The reason is, that such use of the property is without authority, and so far as that act is concerned it is the same thing as though no contract existed.
The principle here laid down is applicable to this case-The jailor had no right to employ the slave, which was committed to him, otherwise than according to the object and purposes for which he was committed. He was placed in the jail for safe keeping; and the setting him at large, and employing him to labor in the field and chop wood, are acts incompatible with his duty, to keep him safely. They constitute, therefore, a conversion. Story on Bailments; sec. 87 et seq. So at common law, to labor an estray is a conversion. 3 Dane’s Ab. 192; 5 Bac. Ab. 255. Our statute which authorizes by implication the use of an estray, after it shall have been appraised, *474 enlarges the authority of the party taking up such estray, (C. & N. 562, sec. 11,) and does not restrict it. Before that statute, it would have been unlawful for the party taking up an estray to labor it at all} but as the statute expressly prohibits such use, before it shall be appraised, its employment afterwards in moderate labor may thereby be made lawful. The true rule in such cases of bailment is, that whenever the use of the thing will be a benefit to the owner; such as milking a cow, or exercising a horse for his health, See., it is lawful, and is no conversion; but where it is to the injury of the owner, or where it places the property in such a situation as exposes it to the danger of injury or loss, such use is unlawful, and isa conversion.
2. It is insisted, that the escape of the negro is not shown to have been the immediate consequence of the act of the jailor in putting him to labor: and, therefore, under the authority of the case of Horsley vs. Branch, the count in case is not supported. It is true the act of putting the negro to labor is not the gist of the count in case, as it is of that in trover; but the facts, that the jailor was in the habit of turning the negro out of the jail and putting him to labor, thereby neglecting to keep him safely, were very properly left to the jury to enable them to determine whether the escape of the negro was in consequence of such negligence. Although the jailor may have set the negro at large, and kept him negligently; yet if afterwards, when he was guilty of no negligence, the escape was effected, he would not be liable in case of his former misconduct.
It must appear that the injury occurred from the immediate negligence of the defendants. And this is the doctrine of the case of Branch vs. Horsley. But the jury were warranted from the facts proved, to infer that the escape of the negro, was effected in consequence of the jailor’s negligence. The proof shows that he was in the habit of placing the negro in a situation in which an esoape could be easily effected: and that shortly after these acts the negro did escape. The inference that the escape was in consequence of a like act of negligence was quite natural.
3. We think the Sheriff and Jailor are both liable in this action. The jailor is the sheriff’s deputy, and the sheriffis liable *475 for the default of his deputy; and as the injury resulted from the active personal wrong of the jailor, he is also liable to an action for the wrong. 1 Ch. Pl. 97. If there be a tortious conversion of property by an agent, in his performing an act appertaining to his agency, the principal and agent are both liable. Story on Agency, sec. 311; 452, 453.
Let the judgment be affirmed.